Charles M. Lizza
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs Axsome Malta Ltd.*
*and Axsome Therapeutics, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AXSOME MALTA LTD. and AXSOME THERAPEUTICS, INC.,** | Civil Action No. _____ |
| **Plaintiffs,** | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **v.** | |
| **SANDOZ INC.,** | **(Filed Electronically)** |
| **Defendant.** | |

Plaintiffs Axsome Malta Ltd. and Axsome Therapeutics, Inc. (together, "Axsome"), by their undersigned attorneys, for their Complaint against defendant Sandoz Inc. ("Sandoz"), allege as follows:

**Nature of the Action**

1. This complaint is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §100, *et seq.*, arising from Sandoz's submission of Abbreviated New Drug Application ("ANDA") No. 218610 ("Sandoz's ANDA"), with the United States Food and Drug Administration ("FDA") seeking approval to commercially market generic versions of Axsome's solriamfetol oral tablets drug products prior to the expiration of one or more of United

States Patent Nos. 11,771,666 ("'666 patent"), 11,771,667 ("'667 patent"), 11,779,554 ("'554 patent"), 11,793,776 ("'776 patent"), 11,839,598 ("'598 patent"), 11,839,599 ("'599 patent"), 11,850,226 ("'226 patent"), 11,850,227 ("'227 patent"), and 11,850,228 ("'228 patent") (collectively, "the patents-in-suit"). Axsome is the owner of the patents-in-suit.

## The Parties

2.     Plaintiff Axsome is a biopharmaceutical company focused on developing novel therapies for central nervous system ("CNS") conditions that have limited treatment options. One such therapy, Sunosi® (solriamfetol) oral tablets, is a dopamine and norepinephrine reuptake inhibitor ("DNRI") indicated to improve wakefulness in adult patients with excessive daytime sleepiness associated with narcolepsy or obstructive sleep apnea.

3.     Axsome Malta Ltd. is a corporation organized and existing under the laws of the Republic of Malta, having a principal place of business at Pinto Business Centre, Level 4, Office 4, Mill Street, Qormi, Triq il-Mithna Hal, Malta, QRM 3104.

4.     Axsome Therapeutics, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at One World Trade Center, 22nd Floor, New York, New York 10007.

5.     On information and belief, Defendant Sandoz is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 100 College Road West, Princeton, New Jersey 08540.

6.     On information and belief, Sandoz is a pharmaceutical company that formulates, manufactures, packages, and markets generic drug products for distribution in the District of New Jersey and throughout the United States.

**The Patents-in-Suit**

7.      On October 3, 2023, the USPTO duly and lawfully issued the '666 patent, entitled, "Methods of Administering Solriamfetol to Lactating Women."  The face of the '666 patent identifies Herriot Tabuteau as the inventor.  A copy of the '666 patent is attached hereto as Exhibit A.

8.      On October 3, 2023, the USPTO duly and lawfully issued the '667 patent, entitled, "Methods of Administering Solriamfetol to Lactating Women."  The face of the '667 patent identifies Herriot Tabuteau as the inventor.  A copy of the '667 patent is attached hereto as Exhibit B.

9.      On October 10, 2023, the USPTO duly and lawfully issued the '554 patent, entitled, "Methods of Administering Solriamfetol to Lactating Women."  The face of the '554 patent identifies Herriot Tabuteau as the inventor.  A copy of the '554 patent is attached hereto as Exhibit C.

10.      On October 24, 2023, the USPTO duly and lawfully issued the '776 patent, entitled, "Methods of Administering Solriamfetol to Lactating Women."  The face of the '776 patent identifies Herriot Tabuteau as the inventor.  A copy of the '776 patent is attached hereto as Exhibit D.

11.      On December 12, 2023, the USPTO duly and lawfully issued the '598 patent, entitled, "Methods of Providing Solriamfetol Therapy to Subjects with Impaired Renal Function."  The face of the '598 patent identifies Katayoun Zomorodi as the inventor.  A copy of the '598 patent is attached hereto as Exhibit E.

12.      On December 12, 2023, the USPTO duly and lawfully issued the '599 patent, entitled, "Methods of Providing Solriamfetol Therapy to Subjects with Impaired Renal

Function." The face of the '599 patent identifies Katayoun Zomorodi as the inventor. A copy of the '599 patent is attached hereto as Exhibit F.

13. On December 26, 2023, the USPTO duly and lawfully issued the '226 patent, entitled, "Methods of Providing Solriamfetol Therapy to Subjects with Impaired Renal Function." The face of the '226 patent identifies Katayoun Zomorodi as the inventor. A copy of the '226 patent is attached hereto as Exhibit G.

14. On December 26, 2023, the USPTO duly and lawfully issued the '227 patent, entitled, "Methods of Providing Solriamfetol Therapy to Subjects with Impaired Renal Function." The face of the '227 patent identifies Katayoun Zomorodi as the inventor. A copy of the '227 patent is attached hereto as Exhibit H.

15. On December 26, 2023, the USPTO duly and lawfully issued the '228 patent, entitled, "Methods of Providing Solriamfetol Therapy to Subjects with Impaired Renal Function." The face of the '228 patent identifies Katayoun Zomorodi as the inventor. A copy of the '228 patent is attached hereto as Exhibit I.

### The Sunosi® Drug Product

16. Axsome holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for solriamfetol oral tablets, Eq. 75 mg base and Eq. 150 mg base ("NDA No. 211230"), which is sold under the trademark Sunosi®. Sunosi® is a DNRI indicated to improve wakefulness in adult patients with excessive daytime sleepiness associated with narcolepsy or obstructive sleep apnea. The claims of the patents-in-suit cover, *inter alia*, methods of using Sunosi® to improve wakefulness in adult patients with excessive daytime sleepiness associated with narcolepsy or obstructive sleep apnea.

17. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Sunosi®.

**Jurisdiction and Venue**

18. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

19. As set forth below, the Court has personal jurisdiction over Sandoz by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.

20. On information and belief, Sandoz purposefully has conducted and continues to conduct business in this Judicial District.

21. On information and belief, Sandoz is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

22. On information and belief, this Judicial District will be a destination for the generic version of Axsome's solriamfetol oral tablets drug products for which Sandoz seeks FDA approval to manufacture, market, import, offer for sale, and/or sell pursuant to ANDA No. 218610 ("Sandoz's Proposed Product").

23. This Court has personal jurisdiction over Sandoz because, *inter alia*, on information and belief, Sandoz maintains a regular and established, physical place of business at 100 College Road West, Princeton, New Jersey 08540.

24. On information and belief, Sandoz is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100097265.

25.     Sandoz has consented to personal jurisdiction in this Court in numerous recent actions arising out of its ANDA submissions and has filed counterclaims in such cases. *See, e.g., Teva Pharmaceuticals USA, Inc., et al., v. Sandoz Inc., et al.*, Civil Action No. 17-275 (FLW)(DEA) (D.N.J.); *Amgen, Inc. v. Sandoz Inc., et al.*, Civil Action No. 18-11026 (MAS)(DEA) (D.N.J.); *Immunex Corp., et al. v. Sandoz Inc., et al.*, Civil Action No. 16-1118 (CCC) (D.N.J.).  Sandoz has purposefully availed itself of the rights, benefits, and privileges of New Jersey by asserting counterclaims in this Court.

26.     Sandoz did not contest personal jurisdiction in this Court in related action *Axsome Malta Ltd., et al v. Alkem Laboratories Ltd., et al*., Civil Action No. 23-20354 (MCA) (D.N.J.).

27.     For at least the reasons set forth above in Paragraphs 18-26, venue is proper in this Judicial District with respect to Sandoz pursuant to 28 U.S.C. § 1400(b).

## Acts Giving Rise To This Suit

28.     Pursuant to Section 505 of the FFDCA, Sandoz submitted ANDA No. 218610 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation of Sandoz's Proposed Product, before the patents-in-suit expire.

29.     On information and belief, following FDA approval of Sandoz's ANDA, Sandoz will make, use, offer to sell, or sell Sandoz's Proposed Product throughout the United States, or import such a generic product into the United States.

30.     On information and belief, in connection with the submission of its ANDA as described above, Sandoz provided written certifications to the FDA, as called for by Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Sandoz's Paragraph IV Certifications"), alleging, *inter alia*, that the claims of United States Patent Nos. Nos. 8,440,715, 10,195,151, 10,512,609, 10,912,754, 10,940,133, 10,959,976, 11,160,779, 11,439,597, 11,560,354, 11,648,232, 11,771,666, 11,771,667, 11,779,554, 11,793,776, 11,839,598, 11,839,599,

11,850,226, 11,850,227, and 11,850,228 are invalid and/or will not be infringed by the activities described in Sandoz's ANDA.

31.     No earlier than August 15, 2023, Sandoz sent written notice of Sandoz's first Paragraph IV Certification to Axsome ("Sandoz's First Notice Letter"). Sandoz's First Notice Letter alleged, *inter alia*, that the claims of United States Patent Nos. 8,440,715, 10,195,151, 10,512,609, 10,912,754, 10,940,133, 10,959,976, 11,160,779, 11,439,597, 11,560,354, and 11,648,232 are invalid and/or will not be infringed by the activities described in Sandoz's ANDA. Sandoz's First Notice Letter also informed Axsome that Sandoz seeks approval to market Sandoz's Proposed Product before the expiration of United States Patent Nos. 8,440,715, 10,195,151, 10,512,609, 10,912,754, 10,940,133, 10,959,976, 11,160,779, 11,439,597, 11,560,354, and 11,648,232.

32.     No earlier than January 12, 2024, Sandoz sent written notice of Sandoz's second Paragraph IV Certification to Axsome ("Sandoz's Second Notice Letter"). Sandoz's Second Notice Letter alleged that the claims of United States Patent Nos. 11,771,666, 11,771,667, 11,779,554, 11,793,776, 11,839,598, 11,839,599, 11,850,226, 11,850,227, and 11,850,228 are invalid and/or will not be infringed by the activities described in Sandoz's ANDA. Sandoz's Second Notice Letter also informed Axsome that Sandoz seeks approval to market Sandoz's Proposed Product before the expiration of United States Patent Nos. 11,771,666, 11,771,667, 11,779,554, 11,793,776, 11,839,598, 11,839,599, 11,850,226, 11,850,227, and 11,850,228.

<u>**Count I: Infringement of the '666 Patent**</u>

33.     Axsome repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

34.     Sandoz's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Sandoz's Proposed Product, prior to the expiration of the '666 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

35.     A justiciable controversy exists between Axsome and Sandoz as to the infringement of the '666 patent.

36.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will infringe one or more claims of the '666 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.

37.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will induce infringement of one or more claims of the '666 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, upon FDA approval of Sandoz's ANDA, Sandoz will intentionally encourage acts of direct infringement with knowledge of the '666 patent and knowledge that its acts are encouraging infringement.

38.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will contributorily infringe one or more claims of the '666 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, Sandoz knew and knows that Sandoz's Proposed Product is designed for a use that infringes one or more claims of the '666 patent, and Sandoz's Proposed Product lacks a substantial non-infringing use.

39.     Failure to enjoin Sandoz's infringement of the '666 patent will substantially and irreparably damage and harm Axsome.

40.     Axsome does not have an adequate remedy at law.

41.     This case is an exceptional one, and Axsome is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count II: Infringement of the '667 Patent

42.     Axsome repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

43.     Sandoz's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Sandoz's Proposed Product, prior to the expiration of the '667 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

44.     A justiciable controversy exists between Axsome and Sandoz as to the infringement of the '667 patent.

45.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will infringe one or more claims of the '667 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.

46.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will induce infringement of one or more claims of the '667 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, upon FDA approval of

Sandoz's ANDA, Sandoz will intentionally encourage acts of direct infringement with knowledge of the '667 patent and knowledge that its acts are encouraging infringement.

47.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will contributorily infringe one or more claims of the '667 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, Sandoz knew and knows that Sandoz's Proposed Product is designed for a use that infringes one or more claims of the '667 patent, and Sandoz's Proposed Product lacks a substantial non-infringing use.

48.     Failure to enjoin Sandoz's infringement of the '667 patent will substantially and irreparably damage and harm Axsome.

49.     Axsome does not have an adequate remedy at law.

50.     This case is an exceptional one, and Axsome is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count III: Infringement of the '554 Patent

51.     Axsome repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

52.     Sandoz's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Sandoz's Proposed Product, prior to the expiration of the '554 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

53.     A justiciable controversy exists between Axsome and Sandoz as to the infringement of the '554 patent.

54.    Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will infringe one or more claims of the '554 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.

55.    Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will induce infringement of one or more claims of the '554 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, upon FDA approval of Sandoz's ANDA, Sandoz will intentionally encourage acts of direct infringement with knowledge of the '554 patent and knowledge that its acts are encouraging infringement.

56.    Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will contributorily infringe one or more claims of the '554 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, Sandoz knew and knows that Sandoz's Proposed Product is designed for a use that infringes one or more claims of the '554 patent, and Sandoz's Proposed Product lacks a substantial non-infringing use.

57.    Failure to enjoin Sandoz's infringement of the '554 patent will substantially and irreparably damage and harm Axsome.

58.    Axsome does not have an adequate remedy at law.

59.    This case is an exceptional one, and Axsome is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count IV: Infringement of the '776 Patent**

60.     Axsome repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

61.     Sandoz's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Sandoz's Proposed Product, prior to the expiration of the '776 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

62.     A justiciable controversy exists between Axsome and Sandoz as to the infringement of the '776 patent.

63.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will infringe one or more claims of the '776 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.

64.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will induce infringement of one or more claims of the '776 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, upon FDA approval of Sandoz's ANDA, Sandoz will intentionally encourage acts of direct infringement with knowledge of the '776 patent and knowledge that its acts are encouraging infringement.

65.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will contributorily infringe one or more claims of the '776 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, Sandoz knew and knows that

Sandoz's Proposed Product is designed for a use that infringes one or more claims of the '776 patent, and Sandoz's Proposed Product lacks a substantial non-infringing use.

66. Failure to enjoin Sandoz's infringement of the '776 patent will substantially and irreparably damage and harm Axsome.

67. Axsome does not have an adequate remedy at law.

68. This case is an exceptional one, and Axsome is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count V: Infringement of the '598 Patent

69. Axsome repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

70. Sandoz's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Sandoz's Proposed Product, prior to the expiration of the '598 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

71. A justiciable controversy exists between Axsome and Sandoz as to the infringement of the '598 patent.

72. Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will infringe one or more claims of the '598 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.

73. Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will induce infringement of one or more claims of the '598 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's

Proposed Product in the United States.  On information and belief, upon FDA approval of Sandoz's ANDA, Sandoz will intentionally encourage acts of direct infringement with knowledge of the '598 patent and knowledge that its acts are encouraging infringement.

74.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will contributorily infringe one or more claims of the '598 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, Sandoz knew and knows that Sandoz's Proposed Product is designed for a use that infringes one or more claims of the '598 patent, and Sandoz's Proposed Product lacks a substantial non-infringing use.

75.     Failure to enjoin Sandoz's infringement of the '598 patent will substantially and irreparably damage and harm Axsome.

76.     Axsome does not have an adequate remedy at law.

77.     This case is an exceptional one, and Axsome is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count VI: Infringement of the '599 Patent

78.     Axsome repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

79.     Sandoz's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Sandoz's Proposed Product, prior to the expiration of the '599 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

80.     A justiciable controversy exists between Axsome and Sandoz as to the infringement of the '599 patent.

81.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will infringe one or more claims of the '599 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.

82.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will induce infringement of one or more claims of the '599 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, upon FDA approval of Sandoz's ANDA, Sandoz will intentionally encourage acts of direct infringement with knowledge of the '599 patent and knowledge that its acts are encouraging infringement.

83.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will contributorily infringe one or more claims of the '599 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, Sandoz knew and knows that Sandoz's Proposed Product is designed for a use that infringes one or more claims of the '599 patent, and Sandoz's Proposed Product lacks a substantial non-infringing use.

84.     Failure to enjoin Sandoz's infringement of the '599 patent will substantially and irreparably damage and harm Axsome.

85.     Axsome does not have an adequate remedy at law.

86.     This case is an exceptional one, and Axsome is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count VII: Infringement of the '226 Patent**

87. Axsome repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

88. Sandoz's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Sandoz's Proposed Product, prior to the expiration of the '226 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

89. A justiciable controversy exists between Axsome and Sandoz as to the infringement of the '226 patent.

90. Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will infringe one or more claims of the '226 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.

91. Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will induce infringement of one or more claims of the '226 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States. On information and belief, upon FDA approval of Sandoz's ANDA, Sandoz will intentionally encourage acts of direct infringement with knowledge of the '226 patent and knowledge that its acts are encouraging infringement.

92. Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will contributorily infringe one or more claims of the '226 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States. On information and belief, Sandoz knew and knows that

Sandoz's Proposed Product is designed for a use that infringes one or more claims of the '226 patent, and Sandoz's Proposed Product lacks a substantial non-infringing use.

93.     Failure to enjoin Sandoz's infringement of the '226 patent will substantially and irreparably damage and harm Axsome.

94.     Axsome does not have an adequate remedy at law.

95.     This case is an exceptional one, and Axsome is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count VIII: Infringement of the '227 Patent

96.     Axsome repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

97.     Sandoz's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Sandoz's Proposed Product, prior to the expiration of the '227 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

98.     A justiciable controversy exists between Axsome and Sandoz as to the infringement of the '227 patent.

99.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will infringe one or more claims of the '227 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.

100.    Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will induce infringement of one or more claims of the '227 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's

Proposed Product in the United States.  On information and belief, upon FDA approval of Sandoz's ANDA, Sandoz will intentionally encourage acts of direct infringement with knowledge of the '227 patent and knowledge that its acts are encouraging infringement.

101.     Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will contributorily infringe one or more claims of the '227 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, Sandoz knew and knows that Sandoz's Proposed Product is designed for a use that infringes one or more claims of the '227 patent, and Sandoz's Proposed Product lacks a substantial non-infringing use.

102.     Failure to enjoin Sandoz's infringement of the '227 patent will substantially and irreparably damage and harm Axsome.

103.     Axsome does not have an adequate remedy at law.

104.     This case is an exceptional one, and Axsome is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count IX: Infringement of the '228 Patent

105.     Axsome repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

106.     Sandoz's submission of its ANDA to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Sandoz's Proposed Product, prior to the expiration of the '228 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A), including at least claim 1.

107.     A justiciable controversy exists between Axsome and Sandoz as to the infringement of the '228 patent.

108.    Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will infringe one or more claims of the '228 patent under 35 U.S.C. § 271(a), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.

109.    Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will induce infringement of one or more claims of the '228 patent under 35 U.S.C. § 271(b), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, upon FDA approval of Sandoz's ANDA, Sandoz will intentionally encourage acts of direct infringement with knowledge of the '228 patent and knowledge that its acts are encouraging infringement.

110.    Unless enjoined by this Court, upon FDA approval of Sandoz's ANDA, Sandoz will contributorily infringe one or more claims of the '228 patent under 35 U.S.C. § 271(c), including at least claim 1, by making, using, offering to sell, selling, and/or importing Sandoz's Proposed Product in the United States.  On information and belief, Sandoz knew and knows that Sandoz's Proposed Product is designed for a use that infringes one or more claims of the '228 patent, and Sandoz's Proposed Product lacks a substantial non-infringing use.

111.    Failure to enjoin Sandoz's infringement of the '228 patent will substantially and irreparably damage and harm Axsome.

112.    Axsome does not have an adequate remedy at law.

113.    This case is an exceptional one, and Axsome is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Axsome respectfully requests the following relief:

(A)     A Judgment that Sandoz infringed one or more claims of each of the patents-in-suit asserted against Sandoz by submitting ANDA No. 218610;

(B)     A Judgment that Sandoz has infringed, and that Sandoz's making, using, offering to sell, selling, or importing Sandoz's Proposed Product will infringe one or more claims of each of the patents-in-suit asserted against Sandoz;

(C)     An Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of FDA approval of ANDA No. 218610 be a date no earlier than the later of the expiration of each patent-in-suit asserted against Sandoz, or any later expiration of exclusivity to which Axsome is or becomes entitled;

(D)     Preliminary and permanent injunctions enjoining Sandoz and its officers, agents, attorneys and employees, and those acting in privity and/or concert with them, from making, using, offering to sell, selling, or importing Sandoz's Proposed Product until after the expiration of each of the patents-in-suit asserted against Sandoz, or any later expiration of exclusivity to which Axsome is or becomes entitled;

(E)     A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Sandoz, its officers, agents, attorneys and employees, and those acting in privity and/or concert with them, from practicing any method claimed in the patents-in-suit asserted against Sandoz, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit asserted against Sandoz, until after the expiration of each such patent-in-suit, or any later expiration of exclusivity to which Axsome is or becomes entitled;

(F)     A Judgment that the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Sandoz's Proposed Product will directly infringe, induce

and/or contribute to infringement of one or more claims of each of the patents-in-suit asserted against Sandoz;

(G)     To the extent that Sandoz has committed any acts with respect to the methods claimed in the patents-in-suit asserted against Sandoz, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Axsome damages for such acts;

(H)     If Sandoz engages in the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Sandoz's Proposed Product prior to the expiration of the patents-in-suit asserted against Sandoz, a Judgment awarding damages to Axsome resulting from such infringement, together with interest;

(I)     A Judgment declaring that each patent-in-suit asserted against Sandoz remains valid and enforceable;

(J)     A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Axsome its attorneys' fees, costs, and expenses incurred in this action; and

(K)     Such further and other relief as this Court may deem just and proper.

Dated:  February 14, 2024

By: s/ Charles M. Lizza
    Charles M. Lizza
    William C. Baton
    Sarah A. Sullivan
    Alexander L. Callo
    SAUL EWING LLP

*Of Counsel*:

    One Riverfront Plaza, Suite 1520
    Newark, New Jersey  07102-5426

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Gabriel P. Brier
Frank C. Calvosa
Abigail E. DeMasi
Shira M. Bergman
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
(212) 849-7000

    (973) 286-6700
    clizza@saul.com

    *Attorneys for Plaintiffs Axsome Malta*
    *Ltd. and Axsome Therapeutics, Inc.*

- 22 -

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matters captioned *Axsome Malta Ltd., et al. v. Alkem Lab'ys Ltd., et al.*, Civil Action No. 23-20354 (MCA)(JBC) (D.N.J.), *Axsome Malta Ltd., et al. v. Unichem Lab'ys Ltd., et al.*, Civil Action No. 23-23255 (MCA)(JBC), *Axsome Malta Ltd., et al. v. Hetero USA Inc., et al.*, Civil Action No. 24-196 (MCA)(JBC), and *Axsome Malta Ltd., et al. v. Aurobindo Pharma USA, Inc., et al.*, Civil Action No. 24-309 (MCA)(JBC) are related to the matter in controversy because the matter in controversy involves the same plaintiffs, some of the same patents, and one of the same defendants, and because Sandoz is seeking FDA approval to market a generic version of the same pharmaceutical product.

Dated:  February 14, 2024

By: s/ Charles M. Lizza
  Charles M. Lizza
  William C. Baton
  Sarah A. Sullivan
  Alexander L. Callo
  SAUL EWING LLP
  One Riverfront Plaza, Suite 1520
  Newark, New Jersey  07102-5426
  (973) 286-6700
  clizza@saul.com

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Gabriel P. Brier
Frank C. Calvosa
Abigail E. DeMasi
Shira M. Bergman
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
(212) 849-7000

*Attorneys for Plaintiffs Axsome Malta Ltd. and Axsome Therapeutics, Inc.*